UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YIORKIS PINEDA-LAURENCIO,<br>Petitioner,<br>v.<br>WILLIAM GITTERE, *et al.*,<br>Respondents. | Case No. 3:18-cv-00592-LRH-WGC<br><br>ORDER |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Yiorkis Pineda-Laurencio, a prisoner at Nevada's Ely State Prison. Pineda-Laurencio initiated this action On December 14, 2018, by filing a habeas petition (ECF No. 1-1).

Pineda-Laurencio did not pay the $5 filing fee for this action, and he did not file an application to proceed *in forma pauperis*. However, as counsel will be appointed for this petitioner, the Court will proceed with the appointment of counsel and will suspend the matter of the payment of the filing fee until after counsel appears for the petitioner.

Pineda-Laurencio's petition is not on the form required by this Court for a *pro se* habeas petition. *See* LSR 3-1 ("A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this court."). Moreover, the petition has other shortcomings; most notably, it is not clear that Pineda-Laurencio's judgment of conviction is final, or that any of his claims have been exhausted in state court. However, Pineda-Laurencio alleges that he is intellectually disabled, that he does not speak English, and that he is serving two sentences of life in

1

prison without the possibility of parole. Under these circumstances, the Court will look past the deficiencies of the petition at this time, will order the petition served on the respondents, and will appoint counsel to represent Pineda-Laurencio.

The Court will order the petition served upon the respondents, and will require the respondents to appear, but will not require the respondents to respond to this petition at this time.

The Court will, *sua sponte*, appoint counsel to represent Pineda-Laurencio in this case. While state prisoners applying for habeas corpus relief are not entitled to appointed counsel, unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation, the court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The interests of justice weigh in favor of appointment of counsel in this case.

**IT IS THEREFORE ORDERED** that the Clerk of the Court is directed to add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for the respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon the respondents a copy of the petition for writ of habeas corpus (ECF No. 1-1), and a copy of this order.

**IT IS FURTHER ORDERED** that the respondents shall appear in this action within 30 days from the date of this order. Respondents will not be required to respond to the habeas petition at this time.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD shall, within 30 days from the date of entry of this order, file a notice of appearance, or indicate to the Court that office's inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the Court will establish a schedule for the petitioner to pay the filing fee for this action, or apply to proceed *in forma* pauperis, and will schedule other further proceedings in this action, after counsel appear for the petitioner and for the respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to correct the docket for this action to reflect that the petitioner's name is "Yiorkis Pineda-Laurencio" (with his last name hyphenated in that manner).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to correct the docket for this action to reflect that the name of the respondent warden of Ely State Prison is "William Gittere."

DATED this 21st day of December, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE